<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 26, 2026

Philip M. Hines
Held & Hines, LLP
4815 Avenue N
Brooklyn, NY 11234
*Counsel for Plaintiff*

Lisa A. Adams
New Jersey State Attorney General's Office
25 Market Street
P.O. Box 112
Trenton, NJ 08625
*Counsel for Defendants*

**<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

**Re:**   *Edmond v. State of New Jersey, et al.,* Civ. No. 25-1411 (SDW) (JBC)

Counsel:

     Before this Court is Defendants the State of New Jersey, Ann Klein Forensic Center ("AKFC") and Dominique Maldonado's ("Maldonado") (collectively, "Defendants") Second Motion to Dismiss (D.E. 19 ("Motion"))[1] Plaintiff David Edmond's Complaint (D.E. 1 ("Compl.")), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons set forth herein, Defendants' Motion is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs and the documents attached to and referenced therein.

This action arises from the sexual abuse that Plaintiff experienced from correction officer Dominique Maldonado from January 2020 to November 2023. (*See* Compl. ¶¶ 18–37.) On January 20, 2020, Maldonado approached and delivered a sexually explicit note to Plaintiff, an adult inmate brought to AKFC for a mental health evaluation. (*Id.* ¶¶ 18–20.) Similar notes continued for several weeks, and Maldonado shared her desire for Plaintiff's release so they could be together. (*Id.* ¶¶ 21–22.) The notes soon progressed into almost daily phone calls. (*Id.* ¶ 23.)

Around March 2020, Plaintiff and Maldonado started a consensual sexual relationship. (*Id.* ¶ 24.) During this time, Maldonado often snuck contraband into AKFC for Plaintiff. (*Id.* ¶ 25.) Maldonado became increasingly unstable and jealous, threatening Plaintiff, sometimes with physical violence, if she caught Plaintiff speaking to other female correction officers. (*Id.* ¶¶ 27–28.)

When Plaintiff later sought to end his involvement with Maldonado, she intensified her abuse and often forced him to perform sexual acts on her. (*Id.* ¶¶ 29–30.) According to Plaintiff, Maldonado personally retained an attorney to try to reduce Plaintiff's sentence and leveraged the payment of legal fees over Plaintiff in an effort to control him. (*Id.* ¶¶ 32–35.) Plaintiff also feared for his physical safety given Maldonado's connections with fellow correction officers. (*Id.* ¶ 31.) Even after Plaintiff left AKFC and returned to a correctional facility, the abuse continued—Maldonado would send him nude photos of herself and force him to masturbate to them in his cell. (*Id.* ¶ 36.) After prevailing in his appeal around November 2023, Plaintiff was released from prison and promptly ceased communicating with Maldonado. (*Id.* ¶ 37.) Plaintiff alleges that because of Maldonado's actions, he suffers from physical injuries, such as erectile dysfunction, as well as psychological and emotional injuries. (*Id.* ¶ 38.)

On February 24, 2025, Plaintiff filed an eight-count Complaint against Defendants, alleging violations of 42 U.S.C. § 1983, battery, assault and intentional infliction of emotional distress against Maldonado and negligence, negligent hiring, training, retention, and supervision of employees, negligent infliction of emotional distress, and negligent supervision of Plaintiff, against the State of New Jersey and AKFC. (*See generally* Compl.) After Defendants moved to dismiss the Complaint on June 25, 2025, Plaintiff agreed to dismiss his claims against Maldonado in her official capacity with prejudice and Defendants withdrew their first Motion to Dismiss in its entirety.[2] (*See* D.E. 16, 17, 18.) On July 28, 2025, Defendants filed the present Motion and timely briefing ensued. (D.E. 19, 20.)

II.   **LEGAL STANDARD**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[2] Only the state law tort claims remain, as the § 1983 claim against Maldonado has been dismissed with prejudice. This Court will assert supplemental jurisdiction over the state law claims.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

### III.    DISCUSSION

Defendants seek to dismiss all state law claims against them, arguing that Plaintiff's allegations fail as a matter of law because Plaintiff failed to file a Notice of Tort Claim ("Notice") with the State as required by the New Jersey Tort Claims Act ("TCA"). (*See* D.E. 19-1 at 6, 11–14.) Defendants contend that though the 2019 Amendment to the TCA removed the Notice requirement for claims of sexual abuse, the exemption only applies to cases of child sexual abuse, and Plaintiff is an adult. (*Id.* at 11–14.) Plaintiff argues that he was not required to file the Notice because the 2019 Amendment applies to all claims of sexual abuse, regardless of the age of the victim. (D.E. 20-1 at 8–16.)

The TCA was enacted to standardize tort claims filed against the State and its local government entities. *See Chasin v. Montclair State Univ.*, 732 A.2d 457, 461 (N.J. 1999). It requires plaintiffs to file and serve a timely Notice with the State before filing any action against it. N.J. Stat. Ann. §§ 59:8-4, -7, -8. In May 2019, the New Jersey Legislature passed Chapter 120, codified as N.J.S.A. § 59:8-3(b), which removed the TCA's Notice requirement in sexual abuse and sexual assault cases. *See* P.L.2019, c.210. The relevant part of the statute now reads:

> The procedural requirements of this chapter shall not apply to *an action at law for an injury resulting from the commission of sexual assault*, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c. 7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c. 109 (C.2A:61B-1).

N.J. Stat. Ann. § 59:8-3(b) (emphasis added). Under New Jersey law, if a statute's plain meaning is clear and unambiguous, courts "apply the law as written" and do not engage in any further interpretation. *State v. J.V.*, 231 A.3d 710, 716 (N.J. 2020) (quoting *Murray v. Plainfield Rescue Squad*, 46 A.3d 1262, 1269 (N.J. 2012)). Consistent with that principle, courts are not permitted to rewrite a plainly written statute or interpret it in a way that contradicts its plain language. *O'Connell v. State*, 795 A.2d 857, 859 (N.J. 2002).

Here, the plain meaning of the statute is clear and unambiguous because the statute unequivocally states that the procedural requirements—which include the Notice requirement—do not apply to cases of sexual assault or abuse. Importantly, it does not contain any language limiting its applicability to only child victims, simply providing that *all* claims of sexual abuse or assault are exempt from the Notice requirement. Therefore, this Court cannot interpret the statute to be limited to only child victims and concludes that Plaintiff was not required to file a timely Notice.

Moreover, Defendants' reading of the statute requires this Court to rewrite the statute by adding limiting language, which is impermissible. If the Legislature wanted to limit the scope of the statute to only child victims, it would have done so through the plain language of the statute. Though Defendants argue that *W.S. v. Hildreth*, 287 A.3d 421, 428 (N.J. 2023) held that the revised statute only applies to child sexual abuse survivors who file a New Jersey Child Sexual Abuse Act claim, this argument is misleading as the plaintiff in *Hildreth* was a child sexual abuse victim. (*See* D.E. 19-1 at 13.) The *Hildreth* court simply concluded that N.J. Stat. Ann. § 59:8-3(b) applied to its specific facts but did not limit the applicability of the statute to *only* child sexual abuse victims. *See* 287 A.3d at 424. In fact, *Hildreth* quotes N.J. Stat. Ann. § 59:8-3(b) and states that "Chapter 120 specifically amended the TCA . . . to provide an exclusion from those general rules *for cases arising from sexual abuse*." *Id.* at 425 (emphasis added). As such, Plaintiff was not required to file a Notice with his Complaint containing allegations of sexual abuse, and Defendants' Motion to Dismiss is denied.

## V. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**. An appropriate order follows.

                                                                  /s/ Susan D. Wigenton  
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Parties  
      James B. Clark, U.S.M.J.